## J. W. HAZELRIGG v. J. T. WILLIAMS.

**Vendor and Purchaser—Title Bond—Specific Performance—Purchase Money Must Be Paid Before Deed Is Made.**

In equity a vendor can not be forced to convey, in conformity with his title bond, until he is paid the full amount of the agreed purchase price for the real estate sold.

**Judicial Sale—Encumbered Property—Necessary Parties—Resale.**

The fact that the property did not sell for an amount sufficient to satisfy the prior lien does not prove that, upon a second sale, after the rights of all the parties shall have been adjudicated, and bidders

23

can be assured that the title they are asked to take can never be disturbed, a larger amount may not be realized.

It is a universal rule of equity that encumbered property shall not be sold until all the parties having claims upon the same are before the court.

### APPEAL FROM MORGAN CIRCUIT COURT.

#### April 13, 1871.

OPINION BY JUDGE LINDSAY:

The legal title to the town property remained in Williams, even after he surrendered the note of Tutt, and accepted in lieu of the same the note executed by Taulbee. By this transaction he accepted the personal undertaking of Taulbee instead of that of Tutt, but in equity he cannot be forced to convey in conformity with his title bond until he received the full amount of the agreed purchase price for the real estate sold by him to Tutt. "The circuit court therefore correctly adjudged that the lien of Williams was superior to that of Hazelrigg."

Still, as Hazelrigg had a lien upon the same property, to secure the payment of his debt, and as Williams fails to deny that he had knowledge of that fact, at the time of the institution of his suit, Hazelrigg had the right to object to the confirmation of the sale made under the judgment in favor of Williams, and to ask that the property be resold to satisfy both of their debts.

It is true the property did not sell for an amount sufficient to satisfy the judgment of Williams but the fact does not prove that upon a second sale, after the rights of Hazelrigg shall have been adjudicated, and bidders can be assured that the title they are asked to take under the proposed sale can never be disturbed by him that a much larger amount may not be realized.

It is a universal rule of equity, that encumbered property shall not be sold, until all the parties having claims upon the same are before the court.

Williams should have made Hazelrigg a party to the suit. He having failed to do so, the latter had a right to interplead, and as he *done* so before, the sale under the judgment of Williams was confirmed. The same should have been set aside, and the property resold to satisfy the claims of both parties.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Scott, for appellant.*

*Cooper, for appellee.*